## NEW CANAAN *vs.* HOYT.

While the third section of the Revised Statutes, relating to the assessment of taxes, (Rev. Stat., Tit. 55, c. 1, § 3,) was in force, the plaintiff returned to the assessors a list, containing a correct description and valuation of his real estate, but which did not specify the different kinds of his personal property, as said act required. Held; that it was the duty of the assessors to receive the same as a valid list of the plaintiff's real estate, and defective only as to the personalty.

While the act of 1850 was in force, which required every person liable to pay taxes, before giving his list to the assessors, to make oath to the same, before a justice of the peace, or one of the assessors,—the plaintiff returned such defective list, having, in fact, made oath to the same, and the magistrate, before whom such oath purported to have been taken, appended thereto the following certificate: "The foregoing is duly attested to before me." No objection to the sufficiency of such certificate was made by the assessors, when presented, but they rejected such entire list for want of sufficient particularity, and assessed all the plaintiff's property at three times its value, and collected of him the amount of such assessment. In an action against such assessors, brought to recover the amount so collected, it was held, that the defendants could not object to the admission of such list in evidence, on the ground that it did not show that the oath, by law required, had been administered to the plaintiff. 2. That parol evidence was admissible, to show that the plaintiff's omission to specify his personal property, was not with any fraudulent design.

Where, in such action, the court instructed the jury, that the list, so returned by the plaintiff, was sufficiently particular, under the act of 1850, and a verdict was returned in favor of the plaintiff, and judgment rendered thereon, on a motion in error in which the only claim made by the defendants was, that the whole list was void; it was held, that such instruction, as applicable to the defendants' claim, was not a sufficient ground for a reversal of the judgment.

·THIS was an action of *assumpsit*, tried before the jury, in the county court, for the county of Fairfield, at the December term, 1853.

On the trial, the plaintiff claimed to recover the amount of certain taxes, collected on a list, made out against him, by the assessors of the town, in the year 1850, wherein all his property had been put into his list, at threefold the assessed value thereof. His real estate was valued by the

assessors at about $1,000, and his personal property at nearly $1,000, and for both he was assessed at threefold their value.

To shew that the list, so made out against him, was illegal, he offered in evidence the following list, accompanied with parol evidence that he had made oath to the same, as required by the statute.

"A list of the estate of Chauncey B. Hoyt, Oct. 1, 1850.

| | |
|---|---:|
| 2 dwelling houses and 2 lots, . . . . | $800 |
| 55 acres of land, . . . . . . | 1,200 |
| Personal property, . . . . . . | 551 |
| | $2,551 |
| Deduct · | 300 |
| | $2,251 |

" The foregoing is duly attested to,

Before me, WATTS COMSTOCK, justice of peace."

It was admitted, that the plaintiff's real estate was correctly described and valued in his list. This list was handed to the assessors, who did not object to it, on the ground that it had not been sworn to, or that the certificate of the magistrate was defective, but refused to receive it, because it did not specify the articles of personal property, and the assessors afterwards made out the list complained of.

The defendants objected to the admission of the list, and parol evidence offered by the plaintiff, on the ground, that the certificate did not shew that the oath, required by law, had been administered to the plaintiff. But the objection was overruled.

In connection with the list, and in answer to a claim of the defendants, that the plaintiff had so handed in his list to defraud the town, and avoid paying his just proportion of taxes, the plaintiff offered evidence to shew, that having learned that sworn lists would be required, he called upon justice Comstock, and requested him to make out a list for him, and administer to him the required oath; that he named the items of his personal property, which Comstock took down and carried out their value; but informed the plaintiff

that, as he viewed the new law, it was not necessary to insert in the list, the items, but only the aggregate amount, and, accordingly, inserted only that amount in the list. To the admission of this evidence the defendants objected, but the court admitted it.

The defendants claimed that, although the list made out by the plaintiff, contained a correct description and valuation of his real estate, yet it was not a list of all his taxable property, and was, therefore, wholly void, as a list; that the certificate of the magistrate thereon, was not made in conformity with the statute, and that the assessors were bound by their oaths to reject the same, and fill up a list for the plaintiff, at threefold the rate, at which the property would otherwise have been assessed, and prayed the court so to instruct the jury.

The court did not so instruct them, but informed them, that the list was sufficiently particular as to the plaintiff's estate, under the law of 1850.

The plaintiff having obtained a verdict, the defendants filed a bill of exceptions, and brought the case, by motion in error, before the superior court, where it was reserved for the advice of this court.

*Dutton*, for the plaintiff in error, contended,

1. That the assessors were bound to reject the paper offered as a list, by the plaintiff, because it did not specify the personal property.

2. That they had no right to receive the list, which was offered by the plaintiff, because the law of 1850 expressly required, that it should be sworn to. The certificate was imperfect, and the intended list gave no description of the personal property. And all acts, as well as contracts, which are in violation of a statute, are void. 1 Sw. Dig., 218. The object of the statute, in requiring a list, is to give information of the particular articles of property. If any portion of the list is not according to the statute, the assessors have a right to require it to be in such form, and if not

New Canaan *v.* Hoyt.

so made, to reject it. Sec. 4th, Rev. Stat., p. 602, authorizes the assessors to make out a new list, and to threefold, unless the owner puts in a complete list of his property.

3. That the judge erred, in admitting the evidence to help out the list. Both the list and certificate must be complete of themselves. A certificate of an acknowledgment of a deed cannot be helped out by parol.

4. That the charge of the court, regarding the want of specification of personal property, was clearly erroneous. There is no distinction in this respect, between the former law, and the law of 1850.

*Butler*, for the defendants in error, contended,

1. That the list confessedly contained a correct description of the plaintiff's real estate, so that the assessors could not throw it aside, make out a new list, and threefold the whole. If imperfect as to personal estate, the assessors could do no more than threefold any intentional omissions. Unless the assessors could treat it as wholly void, they could not throw it aside. If the 35th section of the act of 1849, is regarded as of any importance, or the rule that all parts of a statute shall stand together, is recognized, it was a list.

2. The import of the certificate (of the plaintiff,) although in common language, is perfectly plain; it was "duly attested to ;" *i. e.*, duly sworn to, and the statute required no more. No objection was made by the assessors, on that ground, at the time the list was handed in. The administration of the oath had been proved, as a fact, independent of the certificate, and the fact was not in issue.

3. The court did not go beyond the issue, in allowing the list of personal property to be sufficient under the statute of 1850; for that statute, placing all property at the same rate per cent., made particularity unnecessary.

The question for the court was, whether the list was wholly void, because it did not specify the items of personal property, the defendants claiming to recover only on the

ground that it was so. The court decided the issue, in the precise terms in which it was made, adding an opinion, as to the construction of the law of 1850. If the judge was wrong in this, he was right as to the issue, and clearly so, as to the genuineness of the list, which was not so affected, by an imperfect entry of the personal property, as to be rendered wholly void, since the real estate, necessarily included in the term "estate," was allowed to have been properly specified, and thus the list was rendered "sufficiently particular as to the plaintiff's estate, under the law of 1850."

WAITE, C. J. The decision of this case depends, mainly, upon the construction to be given to two statutes, relating to the subject of taxation; one contained in the revision of 1849, and the other enacted in 1850, under which the list of the plaintiff was made, both of which, have been superseded or repealed, by the act of 1851.

By the former statute, it was made the duty of every person, liable to pay taxes, to present to the assessors, on or before the twentieth of October, a list of all his taxable property, *specifying the different kinds*, and the value thereof. Upon his failure to do so, they were authorized to fill out a list for him, at threefold the rate per cent. that his property would otherwise have been assessed. Upon receiving a list, the assessors were to obtain such information, by viewing the property or otherwise, as might be necessary to *amend, add to*, or *fill up*, the list. And if any person omitted, in his list, any taxable property, or underrated the quantity or kind, with intent to avoid the payment of a due proportion of taxes, they were authorized to add such property to his list, at threefold the amount that it would otherwise be rated. Statutes, Title Taxes, Sec. 3, 4, 35.

By the act of 1850, every person liable to pay taxes, before giving his list to the assessors, was required to make oath before a justice of the peace, or one of the assessors, that the same was a true and full disclosure of all his taxable property, and that he had not secreted, or temporarily dis-

posed of any of his property, for the purpose of evading the laws relating to taxation.

Two objections have been made to the list, which the plaintiff presented to the assessors. In the first place, it did not specify the different kinds of the plaintiff's personal property; and in the second place, it is said that the certificate of the magistrate did not sufficiently shew that the plaintiff had made oath to the list, in the manner required by the statute.

It is admitted by the defendants, that the list contained a correct description and valuation of the plaintiff's real estate, and, at the same time, it is equally clear, that it did not specify the different kinds of his personal property, in the manner the law required. Under these circumstances, were the assessors justified in treating the whole list as void, and assessing all his property at three times the amount, at which it would otherwise have been assessed; or ought they to have received it, as a valid list of his real estate, and defective only as it regarded the personalty?

In our opinion, it was their duty to have taken the latter course. It would be a harsh construction of the statute to hold every list void, that did not contain a proper description of every item of property. To allow the assessors, in such a case, to impose the threefold penalty upon all the property of the person giving the list, would be conferring upon them power, beyond what we think the legislature ever intended.

In the present case, it is admitted that the list contained a correct description of more than two-thirds of the plaintiff's taxable property, and so far, the list should have been treated as valid. And as to the residue of the property, the statute authorized and empowered them to amend, add to, and fill up the list, and if they found that a correct description of the property had been omitted with a fraudulent design, they might add the property so omitted, at threefold the value at which it would otherwise be assessed.

VOL. XXIII.          20

The statute evidently proceeds upon the ground, that there might be errors and incorrect statements, in a list, which the assessors might correct, and for which they might even punish the offender, if they' were made with a fraudulent intent. But the extent of the punishment is limited to threefold the value of the property omitted, and not, as in the present case, to threefold the value of *all* the offender's property.

In the next place, it is claimed that the certificate of the magistrate, was insufficient. ˙ But the statute did not require that any such certificate should be·made ; it required the oath to be taken, but did not prescribe the manner in which the fact should be proved to the assessors.

There is no doubt that they were entitled to reasonable evidence of that fact, before they were bound to receive the list. If the oath was administered by one of their number, or by a justice of the peace in their presence, they might receive the list without any formal certificate.

In the present case, we are inclined to think that the certificate of the magistrate was sufficient. He has certified · on the list, that it was " *duly attested to, before him*," implying that the proper oath had been duly administered by him, which unquestionably was the intention of the magistrate, and was so understood by the assessors, when the list was handed to them.

But however this may be, we think this objection ought not to prevail for another reason. When the list was presented to the assessors, they made no objection to it, on the ground of any insufficiency in·the certificate. A very different reason was assigned for not receiving it. If they were dissatisfied with the certificate, they should so have said to the plaintiff, that he might have produced to them one more satisfactory, which, it seems, he could have done, as he in fact had made oath to it, in due form. He had a right to · infer from their silence that there was no objection to the certificate.

It is further said that the county court erred, in admitting

evidence to shew that the omission of a specification of the personal property was not with any fraudulent design on the part of the plaintiff. But it must be borne in mind, that this evidence was offered in answer to the defendant's claim, that it was done with such design.

Precisely in what manner that claim was made, does not distinctly appear. Had the defendants claimed that the intent of the plaintiff, in omitting the specification, was a matter within the jurisdiction of the assessors, and that their decision upon the subject was conclusive upon the plaintiff, in the same manner as their decision respecting the value of his property, we are not prepared to say that such claim would be well founded, and that all further enquiry would be irrelevant.

But, on the other hand, if the defendants presented the claim as one of *fact* for the jury to determine, we see not why it was not competent to the plaintiff to meet it, by shewing that there was no such design, as they claimed. And we think enough is not shewn in the bill of exceptions, to authorize us to say that such was not the case.

Finally, it is said, that the court erred in saying to the jury that the list was sufficiently particular, as to the plaintiff's estate, under the act of 1850. This part of the case is not free from difficulty. If, by that instruction, we are to understand the court as saying, that the list was sufficiently particular as regards the personal property, as well as the real, it was clearly wrong, as we all agree that it was defective in that respect.

But if we are to consider the charge, as applicable only to the point of law made by the defendants, that the whole list was void, for the want of sufficient particularity, then there is no ground for a reversal of the judgment.

It is to be remembered that this case does not come before us, upon a motion for a new trial, where we may be at liberty to look at the whole case, and see whether justice has been done upon the trial, but it comes here upon a bill of

exceptions, where we are confined strictly to legal questions. Now, we have repeatedly holden, that it is not the office of a bill of exceptions, to bring up the whole case for examination, but some point of law, made and decided against the party complaining. *Shelton* v. *Hoadly*, 15 Conn. R., 537.

The question raised by the defendants in the county court, and the only one, relating to the validity of the list, was that it was wholly void, for want of sufficient particularity, and a proper certificate of the magistrate ; and they asked the court so to instruct the jury, which the court refused to do, and so far we are all satisfied that the court did right.

But the record does not shew that the defendants ever claimed that the assessors were justified in assessing the personal property in the manner they did, if they erred as to the real estate, or that the plaintiff ever denied that they were so justified, or, in short, that any such question was raised in the county court. Consequently, there was no point of law raised, to which the charge of the court was strictly applicable.

A majority of the court are therefore of opinion, that the bill of exceptions does not shew enough, to authorize us to say that there is error in the proceedings of the county court, and we so advise the superior court.

In this opinion the other judges concurred, except CHURCH, late C. J., whose death occurred before the cause was decided.

Judgment affirmed.